IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Earl T. Hamaas,) | |
| ) | Civil Action No. 2:11-387-MBS-BHH |
| Plaintiff,) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.) | |
| ) | |
| Michael J. Astrue,) | |
| Commissioner of Social Security,) | |
| ) | |
| Defendant.) | |
| ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).

The plaintiff brought this action to obtain judicial review of a decision of the Commissioner of the Social Security Administration that the plaintiff's benefits be adjusted.[1] The defendant has filed a motion to dismiss. [Doc. 19.]

## ADMINISTRATIVE PROCEEDINGS

The defendant has represented the following administrative history to the Court. On November 9, 2010, the plaintiff completed a redetermination of eligibility for continued SSI benefits. (Halse Decl. at 2-3.) During that review, it was determined that the plaintiff's living arrangements affected the amount of SSI benefits he would receive, and his monthly payment was reduced by $150.00. *Id*. The plaintiff was advised of this change on November 9, 2010, and he subsequently filed a request for reconsideration. *Id*. On January 25, 2011, the request for reconsideration was denied. *Id*. Agency records do not

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

indicate that the plaintiff requested a hearing before an administrative law judge or any other administrative appeal. *Id*. Instead, the plaintiff filed a Complaint with the United States District Court for the District of South Carolina. *Id*.; [Doc. 1.]

It appears that the plaintiff, in addition to an adjustment in benefits due, also means to complain about some demand by the defendant that he repay an overage made concerning past benefits paid. (See generally Pl. Resp. and Compl.)

## **DISCUSSION**

The defendant claims that the plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies. The plaintiff argues, non-specifically, that exhaustion would be futile.

Judicial review of final decisions on claims arising under Title II or Title XVI of the Social Security Act is provided for and limited by sections 205(g) and (h) of said Act, 42 U.S.C. § 405(g) and (h). As the defendant contends, an appeal for judicial review may only be made from a "final decision of the Commissioner made after a hearing . . . ." 42 U.S.C. § 405(g). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). The regulations, however, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400; *see Califano v. Sanders*, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner].") If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.148l. Specifically, therefore, under Administration regulations, a claimant obtains a judicially reviewable final decision only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council,

2

or (2) notice from the Appeals Council that it is denying his request for review. 20 C.F.R. §§ 416.1481, 422.210.

Here, there is no dispute that the plaintiff did not appeal the reconsideration of his benefits adjustment. (Pl. Resp. at 3; Halse Decl. at 2-3.) Instead, the plaintiff, in only general terms, contends that he has pursued for many years remedies through the administrative process to no avail and that he suspects any appeal in this present case would be comparably futile. He has not offered evidence of specific futility or delay here. He has simply claimed it.

The Court is not unsympathetic to the complexities and length of the administrative process. Nor does the Court shrink from allegations that the Administration has made miscalculations in benefits. Stories of the Social Security Administration demanding repayment of overages or unexpected readjustment to benefits are not uncommon nor are they turned away lightly in this Court. But, the plaintiff has not identified any actual reason to believe that the process has, in fact, failed him in this particular instance; he did not see it through, admittedly. (See Pl. Resp. at 3.) It would be improvident to take up the matter without the defendant having had full occasion to resolve it. As the defendant recites, there are important reasons, relevant to the interests of both the claimant and the Administration that appeals be handled in this way. *See McCarthy v. Madigan* , 503 U.S. 140, 144-45 (1992) *superceded by statute on other grounds*. Moreover, no basis exists to excuse exhaustion here. *See Heckler v. Ringer*, 466 U.S. 602, 618 (1984).

## **CONCLUSION AND RECOMMENDATION**

Therefore, it is recommended that the Commissioner's motion to dismiss be GRANTED and the case dismissed *without prejudice*.

                                                          s/Bruce H. Hendricks
                                                          United States Magistrate Judge

March 1, 2012
Greenville, South Carolina