IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Earl T. Hamaas, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:11-387-RMG |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

Plaintiff has brought this action *pro se* seeking judicial review of administrative action reducing his Supplemental Security Income ("SSI"). Defendant has moved to dismiss this action because Plaintiff has not exhausted his administrative remedies. (Dkt. No. 19). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on March 1, 2012, recommending that this action be dismissed without prejudice because Plaintiff has failed to exhaust his administrative remedies. (Dkt. No. 28). Plaintiff filed objections to the Magistrate Judge's report and Defendant filed a reply. (Dkt. Nos. 30, 31). As set forth below, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses this action without prejudice.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). This is particularly true where the claimant is *pro se* since the Court should liberally construe all pleadings and confirm the Commissioner fulfilled his obligation to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" in the record of the unrepresented party. *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980) (citing *Gold v. Sec'y of Health, Educ. and Welfare*, 463 F.2d 38, 43 (2nd Cir. 1972)). Further, the

Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *See Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

It is well settled that judicial review of actions by the Commissioner of Social Security is permitted only after exhaustion of administrative remedies. Only upon satisfaction of the four step administrative process can a dissatisfied claimant obtain judicial review. 20 C.F.R. § 416.1400(a). This involves obtaining an initial administrative determination, requesting reconsideration, appealing the adverse administrative decision for a hearing before an administrative law judge, and requesting review by the Appeals Council. *Id.*

## Discussion

Plaintiff, who receives SSI payments because of a disability, was advised on November 9, 2010 that his benefits were reduced by $150.00 per month based upon an agency review of his benefits. (Dkt. No. 19-1 at 3). Plaintiff requested reconsideration of the agency decision and that requested was denied on January 25, 2011. (*Id.*) Plaintiff thereafter filed this civil action, without first requesting a hearing before an administrative law judge or review by the Appeals Council. (*Id.*) Plaintiff does not contest that he failed to exhaust his administrative remedies but contends such action would have been an act of futility. (Dkt. No. 26 at 3).

Given these uncontested facts, it is clear that this Court has no authority to review Plaintiff's benefits reduction, as Plaintiff has failed to exhaust his administrative remedies. The Magistrate Judge has ably summarized the factual and legal issues presented in this matter and correctly recommended that the action should be dismissed without prejudice.

## Conclusion

Based upon the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

January 22, 2013
Charleston, South Carolina